```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF PENNSYLVANIA
```

| | |
|---|---|
| FRANCISCO E. MENDEZ,            ) | |
|             Petitioner  ) | |
|                          ) | |
|     vs.                              ) | Civil Action No. 05-1274 |
|                          ) | Judge Joy Flowers Conti |
| INS, ICE, DHS or IMMIGRATION    ) | Magistrate Judge Amy R. Hay |
| SERVICE or the WARDEN of        ) | |
| YORK COUNTY PRISON,             ) | |
|             Respondent.  ) | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that this action be transferred to the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1631.

### II. REPORT

Petitioner, Francisco E. Mendez filed this habeas corpus petition pursuant to 28 U.S.C. § 2241 seeking an emergency stay deportation. Petitioner is incarcerated within the jurisdiction of the United States District Court for the Middle District of Pennsylvania.

The Supreme Court recently reiterated that under 28 U.S.C. § 2241(a), federal district courts are limited to granting habeas relief "within their respective jurisdictions." Rumsfeld v. Padilla, 124 S.Ct. 2711, 2722 (2004) ("The plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of

confinement."). *See also* <u>Yang You Yi v. Maugans</u>, 24 F.3d 500, 507 (3d Cir.1994) ("It is the warden of the prison or the facility where the detainee is held that is considered the custodian for purposes of a habeas action .... because it is the warden that has day-to-day control over the prisoner and who can produce the actual body.").

Jurisdiction is determined by the district of confinement "as of the time of filing of the petition." <u>Patel v. U.S. Att'y Gen.</u>, 334 F.3d 1259, 1263 (11th Cir. 2003). At the time of filing, Petitioner was confined in the York County Prison, which is located in the territorial jurisdiction of the Middle District of Pennsylvania in York, Pennsylvania. When a civil action is filed in a district court that lacks jurisdiction, that court is required to transfer the action to any other court in which the action could have been brought at the time it was filed if the court determines that a transfer would be in the interest of justice. 28 U.S.C. § 1631. A transfer of the present habeas corpus petition would be in the interest of justice because a dismissal of the action would only cause Petitioner to incur the additional expense of filing the same habeas corpus petition in the proper jurisdiction. *See* <u>Roman v. Ashcroft</u>, 340 F.3d 314, 329 (6th Cir. 2003).[1] *Accord*

---

1. Even if § 1631 did not permit transfers for lack of personal jurisdiction, the action should be transferred (continued...)

<u>Persaud v. Bureau of Immigration and Customs Enforcement</u>, 2004 WL 1936213 (E.D.N.Y. Aug. 31, 2004).

  For the reasons set forth above, it is respectfully recommended that this action be transferred to the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1631.

  In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules, the parties are allowed ten (10) days from the date of service to file written objections to this Report and Recommendation.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.

          Respectfully submitted,

          <u>/s/ Amy Reynolds Hay</u>
          AMY REYNOLDS HAY
          UNITED STATES MAGISTRATE JUDGE

Dated: October 31, 2005

Francisco E. Mendez
87011-FC-42
York County Prison
3400 Concord Road
York, PA 17402

---

1. (...continued)
  pursuant to 28 U.S.C. § 1406(a), which provides that where venue is improper, the district court where the action was filed shall, if it be in the interest of justice, transfer such case to any district or division in which the action could have been brought, regardless of whether the transferring court lacks personal jurisdiction over the defendant.  <i>See</i> <u>Goldlawr, Inc. v. Heiman</u>, 369 U.S. 463, 466 (1962).